E. BRYAN WILSON
Acting United States Attorney

JAMES KLUGMAN
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: james.klugman@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>     vs.<br><br>CHRISTOPHER PANAGIOTOU-SCIGLIANO,<br><br>     Defendant. | No. 3:21-cr-00068-SLG-DMS |

**MEMORANDUM IN SUPPORT OF DETENTION**

Defendant Christopher Panagiotou-Scigliano was arrested in Boundary County, Idaho on July 23, 2021. Because Panagiotou-Scigliano is charged with violating 18 U.S.C. § 2251 by sexually exploiting a minor victim, there is a presumption that no condition or combination of conditions will reasonably assure his appearance in court or the protection of public. 18 U.S.C. § 3142(e)(3)(E). Based on that presumption, the severity of the charges, the significant sentence he will face upon conviction, and the substantial danger

he poses to the public, the government asks that Panagiotou-Scigliano be detained pending transportation to the District of Alaska and trial.

**FACTS**

Panagiotou-Scigliano is serial predator who is currently charged in Idaho state court with the sexual abuse of three different child victims.

In 2015, Panagiotou-Scigliano and his wife moved from Idaho to Alaska, settling on a farm in Haines. After their arrival, Panagiotou-Scigliano arranged for several of the same children he had been grooming and abusing in Idaho to visit his farm in Haines. After arriving, Panagiotou-Scigliano continued grooming the victims by convincing them to sleep naked with him, masturbate in front of him, and engage in oral and anal sex with him. Panagiotou-Scigliano took numerous images and videos of the victims posing naked, masturbating, and engaging in sex with him. Law enforcement also recovered additional images and videos of child sexual exploitation that appear to have been downloaded from the internet.

In July 2019, a grand jury in the District of Alaska indicted Panagiotou-Scigliano for sexual exploitation of children for producing child pornography by creating a video of himself engaging in anal sex with "Victim A" in February 2019. (At this time, "Victim A" was 16 years old.) Panagiotou-Scigliano was arrested the day after the indictment was returned.

**ARGUMENT**

The Bail Reform Act authorizes pretrial detention is no condition or combination of conditions would reasonably assure a defendant's appearance or the safety of the public.

U.S. v. Panagiotou-Scigliano
3:21-cr-00068-SLG-DMS

18 U.S.C. § 3142(e)(1). Consideration of the relevant statutory criteria indicate that pretrial detention is appropriate in this case.

## 1. There is a presumption of detention

Because Panagiotou-Scigliano has been indicted for a violation of 18 U.S.C. § 2251 involving a minor victim, there is a presumption that "no condition or combination of conditions will reasonably assure" his appearance or public safety. 18 U.S.C. § 3142(e)(3)(E). The burden is therefore upon him to come forward with a release proposal to rebut this presumption: the government will respond more fully if he does so.

Even if Panagiotou-Scigliano does present a proposal sufficient to rebut the presumption, the presumption "'remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g).'" *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008) (quoting *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir.1986)).

## 2. The nature and circumstances of the offense are severe

Panagiotou-Scigliano is charged with intentionally creating a video recording of his personal sexual abuse of a child. This was not an isolated incident or a momentary lapse of judgment: it was part of a pattern of sexual abuse that lasted years, spanned two different states, and encompassed multiple victims. The serious and heinous nature of theses violations weighs in favor of detention.

## 3. The weight of the evidence is strong

The government's evidence in this case is strong. Law enforcement recovered the video that forms the basis of the indicted charge from Panagiotou-Scigliano's own digital

device. Panagiotou-Scigliano and the victim are both easily identifiable in the video. And the timing of the video's creation are corroborated by metadata, the victim's travel records, and the testimony of multiple witnesses (including Victim A).

The strength of the evidence is significant for two reasons. First, because the evidence convincingly that Panagiotou-Scigliano made a conscious decision to create a video of himself sexually abusing a child, there is a substantial reason to think that he will pose a serious risk to the public if he is released, and the question the extent to which any conditions can meaningfully mitigate that risk.

Second, while Panagiotou-Scigliano is presumed innocent, the strength of the evidence means that this case is very likely to end with his conviction. Upon conviction, Panagiotou-Scigliano will be subject to a mandatory minimum term of 15 years imprisonment. That sentence is a strong motivation for anyone to attempt to flee in order to avoid prosecution.

**4. The history and characteristics of the defendant favor detention**

Panagiotou-Scigliano has limited criminal history. On the other hand, the evidence in this case—which include victim disclosures, statements from additional witnesses, and the images of child sexual exploitation recovered from his computer—indicate that Panagiotou-Scigliano has repeatedly sexually abused multiple children over a period of many years. That pattern of behavior should create a significant concern that he will engage in further misconduct if he is released, irrespective of any conditions that might be imposed.

## 5. Panagiotou-Scigliano poses severe and serious of the danger to the public

By the same token, Panagiotou-Scigliano's history suggests that he is extremely likely to engage in sexual abuse if he is allowed to return to the community while awaiting trial. Needless to say, the further victimization of children is among the most serious harms that the public can suffer.

## CONCLUSION

Because there is a preumption of detention in this case, and because the statutory factors weigh against release, the court should order Panagiotou-Scigliano's detention pending trial.

RESPECTFULLY SUBMITTED July 26, 2021 at Anchorage, Alaska.

E. BRYAN WILSON
Acting United States Attorney

/s James Klugman
JAMES KLUGMAN
Assistant United States Attorney
United States of America

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2021
a true and correct copy of the foregoing
was served electronically on all users
registered with CM/ECF.

/s James Klugman
Office of the U.S. Attorney

U.S. v. Panagiotou-Scigliano
3:21-cr-00068-SLG-DMS