John P. Cashion
Cashion Gilmore & Lindemuth
510 L Street, Suite 601
Anchorage, AK 99501
Telephone: (907) 222-7932
Email: john@cashiongilmore.com

Counsel for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CHRISTOPHER PANAGIOTOU-SCIGLIANO,<br><br>　　　　　　Defendant. | 3:21-cr-00068-SLG-MMS<br><br><br>**MEMORANDUM IN SUPPORT OF RELEASE PROPOSAL** |

COMES NOW Defendant Christopher Panagiotou-Scigliano, by and through counsel, and hereby submits this Memorandum in support of the pending release proposal, and in response to the Government's Memorandum in support of detention,[1] as well as U.S. Probation and Pretrial Services' sealed report regarding the release proposal.[2]

I.　　Introduction

Mr. Panagiotou-Scigliano is charged by indictment with sexual exploitation of a minor in violation of 18 U.S.C. § 2251. The conduct

---

[1] *See* Docket No. 3.
[2] *See* Docket No. 9 (Sealed).

underlying the indictment is alleged to have occurred on or about February 2019, more than two and a half years ago. The matter was only recently indicted on July 22, 2021. The alleged victim in the matter, "Victim A," was 16 years old and of the age of consent in Alaska, and there are no competing criminal prosecutions pending in relation to the alleged sexual relationship occurring in Alaska as described in the Government's Memorandum in support of detention.[3] Rather, Panagiotou-Scigliano is prosecuted in this Court for images associated with the consensual sexual relationship alleged.

The charge pending in this Court against Panagiotou-Scigliano is undeniably serious, it carries a 15 years mandatory minimum sentence for any person convicted, and it triggers the rebuttable presumption of detention set forth in 18 U.S.C. § 3142(e)(3). Panagiotou-Scigliano's release proposal calls for home incarceration in Las Vegas, NV, along with third-party custodian supervision by Rick Phegley. The release proposal also calls for GPS location monitoring based out of Mr. Phegley's home.

As explained in this Memorandum, Panagiotou-Scigliano's release proposal overcomes the presumption of detention, establishing reasonable assurance of appearance and lack of danger to the community in compliance with the factors relevant to the inquiry set forth in 18 U.S.C. § 3142(g).

---

[3] *See* Docket No. 3 at 2.

II. Argument

Panagiotou-Scigliano's release proposal is of the strictest form imaginable. In addition to home incarceration, it calls for supervision by a conscientious third-party custodian. The release proposal also calls for GPS location monitoring to buttress and enforce the proposal. In the estimation of defense counsel, a release proposal with more structure does not exist, it satisfies the "burden of production" associated with 18 U.S.C. § 3142(e)(3), and places upon the Government the burden of showing either flight risk or dangerousness by clear and convincing evidence. Considering the factors enumerated in 18 U.S.C. § 3142(g), the Government's arguments supporting continued detention fall short.

1. Risk of Non-Appearance

Probation's Sealed Report asserts that a risk of non-appearance exists because of the offense charged, other pending charges in Idaho, and a history of failure to appear.[4] These assertions are not well founded.

Panagiotou-Scigliano does not have a history of failure to appear. Rather, as referenced in the Sealed Rule 5 packet produced in the District of Idaho, in June 2014 Panagiotou-Scigliano had a failure to appear warrant in a misdemeanor offense where he was charged with Resisting or Obstructing Officers (Case No. CR-2014-1903). The charge of Resisting or Obstructing Officers in Idaho covers rather innocuous conduct, and in Panagiotou-

---

[4] See Docket No. 9 at 3 (Sealed).

Scigliano's case, it involved asking a police officer for reasons justifying a traffic stop (instead of simply producing a driver's license, registration, etc.).

Panagiotou-Scigliano posted a cash bond in association with the offense, and after posting the bond a notice issued for arraignment, but the notice was returned unserved.[5] This caused the Idaho court to reschedule arraignment, and nothing in the court records from Idaho indicate that Panagiotou-Scigliano ever received notice of this rescheduling.[6] At the rescheduled arraignment occurring on June 6, 2014, when Panagiotou-Scigliano did not appear, a warrant issued and the cash bond was forfeited.[7]

Panagiotou-Scigliano was residing in Idaho at the time and unaware of the warrant. When the warrant was brought to his attention, he promptly hired an attorney.[8] The attorney filed a motion to quash the bench warrant, and a hearing was scheduled to address the matter.[9] Panagiotou-Scigliano voluntarily appeared at that hearing, the motion to quash was granted, and a warrant recall notice issued.[10] The following day, a motion to dismiss the underlying charge was filed, and the prosecution thereafter voluntarily dismissed the entire proceeding a day later.[11]

---

[5] See Exhibit A at 4/10 (Exhibit A is Case Information from the Idaho Court System in relation to Case No. CR-2014-1903).
[6] *See id.* at 4/10-5/10.
[7] *See id.* at 5/10-6/10.
[8] *See id.* at 7/10.
[9] *See id.*
[10] *See id.* at 8/10.
[11] *See id.* at 9/10.

Panagiotou-Scigliano was never convicted of or charged with the offense of failure to appear. To the contrary, he voluntarily appeared in the Obstructing Officers misdemeanor case upon learning of an existing bench warrant. It is simply factually incorrect to assert that Panagiotou-Scigliano has a history of failure to appear based upon this dismissed 2014 prosecution from Idaho.

Furthermore, in addition to voluntarily appearing in Idaho in connection with the aforementioned prosecution, Panagiotou-Scigliano has a separate and demonstrated history of voluntarily appearing to address criminal allegations. As noted in the Sealed Rule 5 packet produced in the District of Idaho, Panagiotou-Scigliano has three pending state court prosecutions in Idaho for sexual offenses involving minors. Those offenses were all charged on September 1, 2020, and Panagiotou-Scigliano was residing on a farm outside of Haines, Alaska, at the time. Police officers from Idaho travelled to Alaska, and with the assistance of Alaska State Troopers, contacted Panagiotou-Scigliano and asked that he travel by canoe to Haines to address concerns related to subsistence fishing issues and law violations. Panagiotou-Scigliano promptly paddled his way to Haines in his canoe, brought himself into the hands of law enforcement, and was arrested without incident on the charges pending in Idaho.

Panagiotou-Scigliano remained in custody on the pending state court Idaho matters from September 2020 until April 2021. He released on a $105,000 bond and to a similar electronic monitoring proposal involving Mr.

Phegley in April 2021, and successfully abided by all terms of release in the Idaho state court matters between April and July, 2021. Panagiotou-Scigliano resided with Mr. Phegley in rented homes in Coeur d'Alene, Idaho, abiding by the terms of a house arrest proposal throughout. In July 2021, the federal warrant in this matter issued, and Panagiotou-Scigliano was arrested without incident while residing at a designated rental home with Mr. Phegley. Significantly, there are no allegations of any form of violating conditions of release in the Idaho state court prosecutions, and the pending charges in this matter obviously pre-date even the charging event in the Idaho cases.

The pending state court prosecutions in Idaho thus also demonstrate that Panagiotou-Scigliano is not a flight risk. Panagiotou-Scigliano voluntarily appeared in court in Idaho throughout the course of his pretrial release, he scrupulously followed all of his release conditions in the Idaho matters, and he again demonstrated through that process the fact that he does not present a risk of non-appearance.

In short, the record simply defies the assertion that a risk of non-appearance exists because of the offense charged in this matter, or because of the pending charges in Idaho. And, again, it is simply erroneous to assert that Panagiotou-Scigliano has a history of failure to appear.

2. <u>Panagiotou-Scigliano's History and Characteristics</u>

Panagiotou-Scigliano has not a single criminal conviction in his history. He is 39 years old. The charge in this case is premised upon conduct alleged to occur more than two and a half years ago.

In relation to performance issues, and thus safety of the community, Panagiotou-Scigliano has a demonstrated history of scrupulously following release conditions. Again, there are three pending prosecutions in Idaho, and Panagiotou-Scigliano was deemed in those matters a fit candidate for release in the very state where the alleged victims reside. Panagiotou-Scigliano proved himself worthy of the Court's faith by following all aspects of the court ordered home incarceration and monitoring.[12]

Also in relation to the issue of dangerousness or community safety, Panagiotou-Scigliano's release proposal advances an extremely strong third-party custodian. Probation tepidly endorses Mr. Phegley as a third-party custodian, stating that he "appears to be suitable."[13] However, that tepid endorsement is made only after parroting comments from invested law enforcement agents questioning the integrity of Mr. Phegley, and even going so far as to endorse the seemingly homophobic comments of a Bonner County Sheriff's Office detective who asserts that Panagiotou-Scigliano is "manipulating" Mr. Phegley.[14]

---

[12] Defense counsel is in contact with Panagiotou-Scigliano's attorney in Idaho and able to update the Court at the bail review hearing on the precise status of detention issues in the Idaho matters. In short, because of the federal arrest, the bond posted in the Idaho matters was released to the individual posting it, and Panagiotou-Scigliano is thus now effectively also remanded on the Idaho matters. If the proposed release plan is approved in this matter, Panagiotou-Scigliano will then have to separately apply for approval of the same release plan in the Idaho cases.
[13] *See* Docket 9 at 3.
[14] *See id.* at 2.

Mr. Phegley will of course testify under oath at the bail review hearing. He will answer any questions regarding his relationship with Panagiotou-Scigliano, and the Court will form its own impression of Mr. Phegley's integrity and suitability to act as a third-party custodian. In the estimation of defense counsel, however, Mr. Phegley is as strong of a third-party custodian as the Court will find. He fully understands the nature of the charges facing Panagiotou-Scigliano, he is aware of the responsibilities of a third-party custodian, and he is a "rule-follower."

Mr. Phegley resides in a community for individuals aged 55 and upward. He has secured the permission of his landlord for Panagiotou-Scigliano to reside in his home, and he has even executed a lease addendum adding Panagiotou-Scigliano in the event that the Court approves the release proposal. Mr. Phegley resides in a two bedroom, two bath home, there are no weapons in the home, and internet access is locked and password protected. There are no other persons that reside in the home, and Mr. Phegley has every ability to accommodate and enforce a home incarceration release.

Finally, in relation to dangerousness and community safety issues, Probation's report inappropriately and unfairly sets forth double hearsay allegations from Panagiotou-Scigliano's sister that are completely unsubstantiated. Panagiotou-Scigliano has seven siblings. He has never been accused of impropriety in relation to any of his family members, and the allegations set forth are fabrications reiterated by a federal agent with an apparent desire to fan the flames of rampant speculation. The sister quoted

is misidentified in the report, she has a very obvious motive to lie, and the Court should disregard the unsubstantiated allegations in evaluating the propriety of release in this matter.

III. Conclusion

Panagiotou-Scigliano has advanced a release proposal that rebuts the presumption of detention. Panagiotou-Scigliano is not a flight risk. He has a demonstrated history contradicting any misinformed assertion to the contrary. Panagiotou-Scigliano also does not present a danger to the community. He has no prior criminal convictions, a history of success on similar release conditions, and the release proposal advanced is of the strictest nature conceivable, buttressed by a third-party custodian of the highest caliber.

DATED this 16th day of September 2021, at Anchorage, Alaska.

CASHION GILMORE & LINDEMUTH
Attorneys for Defendant

s/ John P. Cashion
510 L Street, Suite 601
Anchorage, AK 99501
Phone: (907) 222-7932
Fax: (907) 222-7938
Email: john@cashiongilmore.com
Alaska Bar No. 9806025

Certificate of Service

I hereby certify that on September 16, 2021,
a copy of the foregoing document was
served electronically on:

AUSA James Klugman

s/ John P. Cashion