S. LANE TUCKER
United States Attorney

JENNIFER IVERS
Assistant United States Attorney
Federal Building & U.S. Courthouse
222 West 7th Avenue, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: jennifer.ivers@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>CHRISTOPHER PANAGIOTOU-SCIGLIANO,<br><br>                Defendant. | No. 3:21-cr-00068-SLG-MMS<br><br>**PLEA AGREEMENT** |

**Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.**

## I. SUMMARY OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11

### A. Summary of Agreement

The defendant agrees to plead guilty to the following count of the Indictment in this case: 1 - Production of Child Pornography, in violation of 18 U.S.C. § 2251(a). The parties agree that the defendant will be sentenced to 20 years of imprisonment, to run concurrently with any sentence imposed in *State of Idaho v. Christopher Panagiotou-Scigliano*, CR09-20-2566, CR09-20-3635, CR09-20-3785. The United States agrees not to prosecute the defendant further for any other offense related to the events that resulted in the charge contained in the Indictment.

The defendant will waive all rights to appeal the conviction and sentence imposed under this agreement. The defendant will also waive all rights to collaterally attack the conviction and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea.

### B. Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(C) will control this plea agreement. Thus, the defendant may withdraw from this agreement or the guilty plea if the Court rejects the parties' sentencing recommendations at the sentencing hearing.

U.S. v. Christopher Panagiotou-Scigliano
3:21-cr-00068-SLG-MMS          Page 2 of 20
Case 3:21-cr-00068-SLG-MMS   Document 57   Filed 10/07/22   Page 2 of 20

## II. CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE

### A. Charges

**The defendant agrees to plead guilty to the following count of the Indictment:**

Count 1: Production of Child Pornography, a violation of 18 U.S.C. § 2251(a).

### B. Elements

The elements of the charge in Count 1 to which the defendant is pleading guilty are as follows:

1. At the time, the victim was under the age of eighteen years;

2. The defendant employed, used, persuaded, induced, enticed, or coerced a minor to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and

3. The visual depiction

    a. was transported across state lines or in foreign commerce;

    b. was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce; or

    c. affected interstate commerce.

A "minor" is any person under the age of 18 years.

"Sexually explicit conduct" means actual or simulated sexual intercourse, bestiality, masturbation, sadistic or masochistic abuse, or lascivious exhibition of the genitals or pubic area of any person.

U.S. v. Christopher Panagiotou-Scigliano
3:21-cr-00068-SLG-MMS        Page 3 of 20
Case 3:21-cr-00068-SLG-MMS   Document 57   Filed 10/07/22   Page 3 of 20

## C. Factual Basis

The defendant admits the truth of the allegations in Count 1 of the Indictment and the truth of the following statement, and the parties stipulate that the Court may rely upon this statement to support the factual basis for the guilty plea and for the imposition of the sentence:

At all times relevant to this offense, the defendant, Christopher Panagiotou-Scigliano, resided in Haines, Alaska. The defendant had moved to Haines from Idaho with his wife. During his time in Haines, the defendant hosted multiple minors from Idaho in his household for extended visits, including Victim A, Victim B, and Victim C.

While these minors were at his home, PANAGIOTOU-SCIGLIANO encouraged them to engage in a variety of acts for his sexual gratification. For example, in the summer of 2018, Minor Victim A – who was 15 at the time – traveled from Idaho to Haines, Alaska to visit the defendant. During that trip, the defendant caused Minor Victim A to engage in sexual activity, first pushing the idea of being nude together, then encouraging him to sleep naked with the defendant, and finally engaging in mutual masturbation.

Then in January and February 2019, Minor Victim A visited the defendant in Haines, Alaska again, along with Minor Victim C, who also traveled from Idaho. During that time, the defendant once again groomed the victims by first walking around nude in front of them, then encouraging the minor victims to engage in sexual activity with others, and finally persuading both minor victims to engage in mutual masturbation and oral sex with the defendant, often with other victims watching.

U.S. v. Christopher Panagiotou-Scigliano
3:21-cr-00068-SLG-MMS          Page 4 of 20
Case 3:21-cr-00068-SLG-MMS   Document 57   Filed 10/07/22   Page 4 of 20

The defendant persuaded Minor Victim A to engage in anal sex with the defendant in February 2019 for the purpose of creating a visual depiction of such conduct. The defendant used a cell phone that had traveled in interstate or foreign commerce to record the sexually explicit conduct, which he saved on his computer. The defendant also took pictures of Minor Victim C engaging in sexually explicit conduct. Minor Victim C was under the age of 16 during those incidents.

### D. Statutory Penalties and Other Matters Affecting Sentence

#### 1. Statutory Penalties

The maximum statutory penalties applicable to the charges to which the defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty plea(s), are as follows:

Count 1: 18 U.S.C. § 2251(a) (Production of Child Pornography)

1) 15 years' (mandatory minimum) to 30 years' imprisonment;

2) a $250,000 fine;

3) a $5,000 special assessment; and

4) 5 years' (mandatory minimum) to lifetime supervised release.

#### 2. Other Matters Affecting Sentence

##### a. Conditions Affecting the Defendant's Sentence

The following conditions may also apply and affect the defendant's sentence: 1) pursuant to Comment 7 of United States Sentencing Guidelines (U.S.S.G). § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C. § 3612(f), unless

U.S. v. Christopher Panagiotou-Scigliano
3:21-cr-00068-SLG-MMS          Page 5 of 20
Case 3:21-cr-00068-SLG-MMS   Document 57   Filed 10/07/22   Page 5 of 20

otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the Court may order the defendant to pay restitution pursuant to the 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1, and if 18 U.S.C. § 3663A (mandatory restitution for certain crimes) applies, the Court shall order the defendant to pay restitution.

### b. Payment of Special Assessment

The defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence. All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

### c. Consequences of Felony Conviction

Any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, welfare or other forms of public assistance, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury. If applicable, any defendant who is not a United States citizen may be subject to deportation from the United States following conviction for a criminal offense, be denied citizenship, and not permitted to return to the United States unless the defendant specifically receives the prior approval of the United States Attorney General. In some circumstances, upon conviction for a

U.S. v. Christopher Panagiotou-Scigliano
3:21-cr-00068-SLG-MMS        Page 6 of 20
Case 3:21-cr-00068-SLG-MMS   Document 57   Filed 10/07/22   Page 6 of 20

criminal offense, any defendant who is a naturalized United States citizen may suffer adverse immigration consequences, including but not limited to possible denaturalization.

### E. Restitution

The defendant agrees to pay $3,000 restitution to minor victim J.C. under 18 U.S.C. § 2259(c)(2)(E). The Court will have sole discretion ultimately to determine if the defendant has liability for any additional restitution.

### F. Forfeiture

Defendant admits the Criminal Forfeiture Allegation of the Indictment in its entirety, and that the below-described property is subject to forfeiture to the United States.

Defendant admits that Defendant's interest, if any, in the following property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 2253, as any and all matter which contains visual depictions produced, transported, mailed, shipped, or received in violation thereof; any property constituting or traceable to gross profits or other proceeds Defendant obtained as a result of the offense of conviction; and any and all property used or intended to be used to commit and to promote the commission of said offense, including but not limited to:

- One Dell Inspiron 3583 computer, serial number 8DNW5Z2; and
- One black and orange Ulefone, Armor X5, serial number #3082MH1001029466.

Defendant agrees not to file a claim or withdraw any claim already filed to any of the above-described property in any forfeiture proceeding, administrative or judicial,

U.S. v. Christopher Panagiotou-Scigliano
3:21-cr-00068-SLG-MMS    Page 7 of 20
Case 3:21-cr-00068-SLG-MMS   Document 57   Filed 10/07/22   Page 7 of 20

which has been or may be initiated by the United States. Defendant further waives the right to notice of any forfeiture proceeding involving this property, agrees not to assist others in filing a claim to said property in any forfeiture proceeding, and will take all steps as requested by the United States to pass clear title to the above-described property to the United States, including but not limited to, executing documents and testifying truthfully in any forfeiture proceeding. Defendant further agrees to cooperate to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

Defendant understands and acknowledges that the United States is relying upon the Defendant's truthful asset forfeiture disclosure and cooperation in entering into this plea agreement. If Defendant fails to cooperate or is untruthful in this regard, the United States may declare a material breach of this plea agreement.

### G. Sex Registration / DNA Testing

Defendant understands that by pleading guilty, defendant will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person his sex offender registration

U.S. v. Christopher Panagiotou-Scigliano
3:21-cr-00068-SLG-MMS          Page 8 of 20
Case 3:21-cr-00068-SLG-MMS   Document 57   Filed 10/07/22   Page 8 of 20

information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction. As a condition of supervised release, defendant shall register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information. Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment.

## III. ADVISORY UNITED STATES SENTENCING GUIDELINES, GUIDELINE APPLICATION AGREEMENTS, SENTENCING RECOMMENDATIONS

### A. Advisory United States Sentencing Guidelines

The Court must consult the advisory United States Sentencing Guidelines (U.S.S.G). as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose. The U.S.S.G. do not establish the statutory maximum or minimum sentence applicable to the offense(s) to which the defendant is pleading guilty. The U.S.S.G. are not mandatory and the Court is not bound to impose a sentence recommended by the U.S.S.G.

### B. Guideline Application Agreements

The parties have no agreements on any guideline applications unless set forth below in this section.

U.S. v. Christopher Panagiotou-Scigliano
3:21-cr-00068-SLG-MMS        Page 9 of 20
Case 3:21-cr-00068-SLG-MMS   Document 57   Filed 10/07/22   Page 9 of 20

1. **Acceptance of Responsibility**

If the United States concludes that the defendant has satisfied the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to recommend the defendant for a two level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the United States concludes that the defendant has failed to fully satisfy the criteria set out in U.S.S.G. § 3E1.1, or has acted in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

C. **Sentencing Recommendations**

The United States Probation Office (U.S.P.O) will prepare the defendant's pre-sentence report in which it will include a recommended calculation of the defendant's sentence range under the U.S.S.G. Both the United States and the defendant will have the opportunity to argue in support of or in opposition to the guideline sentence range calculation the U.S.P.O. recommends, as well as present evidence in support of their respective sentencing arguments.

Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agree to a 20-year sentence. That sentence will be based on the stipulated facts set forth in Section II.C, any additional facts established at the imposition of sentence hearing, the applicable statutory penalty sections, the advisory U.S.S.G., and the sentencing factors set forth in 18 U.S.C. § 3553.

U.S. v. Christopher Panagiotou-Scigliano
3:21-cr-00068-SLG-MMS     Page 10 of 20
Case 3:21-cr-00068-SLG-MMS   Document 57   Filed 10/07/22   Page 10 of 20

### D. Conditions of Supervised Release

The parties agree that the following Special Conditions of supervised release listed below, in addition to any other Standard and Special Conditions which the Court deems appropriate, shall be applied in this case:

#### 1. Pornography Prohibition

The defendant shall not possess any obscene material, child pornography, child erotica, or nude images of minors. Any such material found in the defendant's possession shall be considered contraband and may be confiscated by the probation officer.

#### 2. Sexual Disorders Treatment

The defendant shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer.

#### 3. No Unsupervised Contact with Minors

The defendant shall not have any unsupervised contact with any minor child, unless the contact has been disclosed to and approved by the probation officer. In determining whether to approve such contacts involving members of the defendant's family, the probation officer shall determine if the defendant has notified the persons having custody of any such minors about his conviction in this case and the fact that he is under supervision. If this notification has been made, and if the person having custody consents to the contact, then this condition is not intended to prevent approval of the contact.

U.S. v. Christopher Panagiotou-Scigliano
3:21-cr-00068-SLG-MMS    Page 11 of 20
Case 3:21-cr-00068-SLG-MMS   Document 57   Filed 10/07/22   Page 11 of 20

### 4. Consent to Searches

The defendant shall submit to the search by the probation officer of his person, vehicle, office/business, residence, and property, including any computer systems and Internet enabled devices, whenever the probation officer had a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving the defendant. Other law enforcement may assist as necessary. The defendant shall submit to the seizure of contraband found by the probation officer. The defendant shall warn other occupants the premises may be subject to searches.

### 5. Computer Monitoring

The defendant shall consent, at the direction of the probation officer, to having installed on his computer(s), cellular telephones, electronic devices, and any hardware or software, systems to monitor his use of these items. Monitoring will occur on a random and/or regular basis. The defendant will warn other occupants of the existence of the monitoring software placed on his computer(s), phones and electronic devices. To promote the effectiveness of this monitoring, the defendant shall disclose in advance of its use all cellular phones, electronic devices, computers, and any hardware to the Probation Officer and may not access or use any undisclosed equipment.

### 6. Violations of Supervised Release

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve no less than two additional years of imprisonment. The defendant also understands that if he commits any felony offense

U.S. v. Christopher Panagiotou-Scigliano
3:21-cr-00068-SLG-MMS            Page 12 of 20
Case 3:21-cr-00068-SLG-MMS   Document 57   Filed 10/07/22   Page 12 of 20

under Chapter 109A, 110, or 117, or section 1201 or 1591 of Title 18 of the United States Code, the Court shall revoke the term of supervised release and require the defendant to serve a term of no less than five years imprisonment under 18 U.S.C. § 3583(e)(3) and (k) without regard to the exceptions contained therein.

## IV. ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty plea and the Court's acceptance of the defendant's plea and the terms of this agreement, the United States agrees that it will not prosecute the defendant further for any other offense – now known – arising out of the subject of the investigation related to the charges brought in the Indictment in this case and the defendant's admissions set forth in Section II.C.

Provided, however, if the defendant's guilty plea or sentence is rejected, withdrawn, vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury and false statements. The defendant hereby agrees that he waives any defense that the statute of limitations bars the prosecution of such a reinstated charge.

## V. WAIVER OF TRIAL RIGHTS, APPELLATE RIGHTS, COLLATERAL ATTACK RIGHTS, CLAIM FOR ATTORNEY FEES AND COSTS, AND RULE 410

### A. Trial Rights

Being aware of the following, the defendant waives these trial rights:

U.S. v. Christopher Panagiotou-Scigliano
3:21-cr-00068-SLG-MMS         Page 13 of 20
Case 3:21-cr-00068-SLG-MMS   Document 57   Filed 10/07/22   Page 13 of 20

- If pleading to an Information, the right to have the charges presented to the grand jury prior to entering the guilty plea;
- The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;
- The right to object to the composition of the grand or trial jury;
- The right to plead not guilty or to persist in that plea if it has already been made;
- The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;
- The right to be represented by counsel at trial and if necessary to have a counsel appointed at public expense to represent the defendant at trial – the defendant is not waiving the right to have counsel continue to represent the defendant during the sentencing phase of this case;
- The right to confront and cross examine witnesses against the defendant, and the right to subpoena witnesses to appear in the defendant's behalf;
- The right to remain silent at trial, with such silence not to be used against the defendant, and the right to testify in the defendant's own behalf; and

U.S. v. Christopher Panagiotou-Scigliano
3:21-cr-00068-SLG-MMS            Page 14 of 20
Case 3:21-cr-00068-SLG-MMS   Document 57   Filed 10/07/22   Page 14 of 20

− The right to contest the validity of any searches conducted on the defendant's property or person.

B. **Appellate Rights**

The defendant waives the right to appeal the conviction resulting from the entry of guilty plea to the charges set forth in this agreement. The defendant further agrees that if the Court imposes a sentence that does not exceed the statutory maximum penalties – as set forth in Section II.D above in this agreement, the defendant waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes. The defendant understands that this waiver includes, but is not limited to, forfeiture (if applicable), terms or conditions of probation (if applicable) or supervised release, any fines or restitution, and any and all constitutional (or legal) challenges to defendant's conviction and guilty plea, including arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

Should the defendant file a notice of appeal in violation of this agreement, it will constitute a material breach of the agreement. The government is free to reinstate any dismissed charges, and withdraw any motions for downward departures, or sentences below the mandatory minimum made pursuant to 18 U.S.C. § 3553(e).

C. **Collateral Attack Rights**

The defendant agrees to waive all rights to collaterally attack the resulting conviction and/or sentence – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution – the Court

U.S. v. Christopher Panagiotou-Scigliano
3:21-cr-00068-SLG-MMS          Page 15 of 20
Case 3:21-cr-00068-SLG-MMS   Document 57   Filed 10/07/22   Page 15 of 20

imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel – based on information not now known to the defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty plea.

### D. Claim for Attorney Fees and Costs

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

### E. Evidence Rule 410 and Fed. R. Crim. P. 11(f)

By signing this agreement, the defendant admits the truth of the facts in the Factual Basis portion of this agreement set forth in Section II.C. The defendant agrees that the statements made by him in signing this agreement shall be deemed usable and admissible against the defendant as stipulations in any hearing, trial or sentencing that may follow. The foregoing provision acts as a modification, and express waiver, of Federal Rule of Evidence 410 and Fed. R. Crim. P. 11(f), and is effective upon the defendant's in-court admission to the factual basis supporting the plea(s). This provision applies regardless of whether the court accepts this plea agreement.

### F. Potential Plea before Magistrate Judge

The defendant has the right to enter a plea before a United States District Court Judge. The defendant, defense counsel, and the attorney for the Government consent to have the defendant's plea taken by a United States Magistrate Judge pursuant to Fed. R. Cr. P. 11 and 59. The parties understand that if the Magistrate Judge recommends that the

U.S. v. Christopher Panagiotou-Scigliano
3:21-cr-00068-SLG-MMS   Page 16 of 20
Case 3:21-cr-00068-SLG-MMS   Document 57   Filed 10/07/22   Page 16 of 20

plea(s) of guilty be accepted, a pre-sentence investigation report will be ordered pursuant to Fed. R. Crim. P. 32. The parties agree to file objections to the Magistrate Judge's Report and Recommendation within seven calendar days, thereby shortening the time for objections set forth in Fed. R. Crim. P. 59. The District Court Judge will decide whether to accept this plea agreement at the time it imposes sentence in the case. The defendant agrees that if the defendant is pleading guilty to an offense described in 18 U.S.C. §. 3142(f)(1)(A), (B), or (C) (involving a crime of violence, a crime punishable by a maximum sentence of life or death, or a Title 21 controlled substance offense for which the maximum sentence is ten years or more), that the defendant will remand into custody on the day that he/she agrees in court to the factual basis supporting the plea. The defendant further agrees not to seek release at any time between the date of the guilty plea before the Magistrate Judge and the date of imposition of sentence before the District Court Judge.

## VI. ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2(d)(9), this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.

## VII. THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, Christopher Panagiotou-Scigliano, the defendant, affirm this document contains all of the agreements made between me – with the assistance of my attorney – and the

U.S. v. Christopher Panagiotou-Scigliano
3:21-cr-00068-SLG-MMS  Page 17 of 20
Case 3:21-cr-00068-SLG-MMS   Document 57   Filed 10/07/22   Page 17 of 20

United States regarding my plea. There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, United States and I will jointly inform the Court in writing before I enter my guilty plea.

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under an oath to answer questions about the offense to which I am pleading guilty and my understanding of this plea agreement. I

U.S. v. Christopher Panagiotou-Scigliano
3:21-cr-00068-SLG-MMS                Page 18 of 20
Case 3:21-cr-00068-SLG-MMS   Document 57   Filed 10/07/22   Page 18 of 20

understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty plea. My attorney and I have discussed all possible defenses to the charge(s) to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statute applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

Based on my complete understanding of this plea agreement, I therefore admit that I am guilty of 1 - Production of Child Pornography, in violation of 18 U.S.C. § 2251(a) of the Indictment and admit the forfeiture allegation of the Indictment in their entirety.

DATED: 10-3-22

CHRISTOPHER PANAGIOTOU-
SCIGLIANO
Defendant

U.S. v. Christopher Panagiotou-Scigliano
3:21-cr-00068-SLG-MMS   Page 19 of 20
Case 3:21-cr-00068-SLG-MMS   Document 57   Filed 10/07/22   Page 19 of 20

As counsel for the defendant, I have conveyed all formal plea offers. I have discussed the terms of this plea agreement with the defendant, have fully explained the charge to which the defendant is pleading guilty, the necessary elements thereto, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competence to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 10/3/22

JOHN CASHION
Attorney for Christopher Panagiotou-Scigliano

On behalf of the United States, the following accepts the defendant's offer to plead guilty under the terms of this plea agreement.

DATED: 10/7/22

JENNIFER IVERS
Assistant United States Attorney